UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC T. BAKER, | |
| Plaintiff, | |
| -against- | 1:22-CV-3125 (LTS) |
| BARACK HUSSEIN OBAMA; JOSEPH ROBINETTE BIDEN JR.; BELCALIS ALMÁNZAR; RAMONA MAZUR, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, sues: (1) a former President of the United States, Barack Hussein Obama; (2) the current President of the United States, Joseph Robinette Biden Jr.; (3) the recording artist known as "Cardi B," whose true name is Belcalis Almázar; and (4) an "entertainer," Ramona Mazur. He seeks "monetary damages for invasion of privacy, defamation, in addition to pain and suffering as a result of this entire ordeal." (ECF 1, at 14.)

By order dated June 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges that the events giving rise to his claims began on February 4, 2021, and have continued to the present, in New York State and in Spain. He attaches to his complaint a document that is described as a "Transcript of Events: (Brain Tapping) (ETB)." (ECF 1, at 5.) Plaintiff's "transcript" is dated December 16, 2021, but states that the "span of events" began on January 29, 2021, and has continued to the present. (*Id.*) Plaintiff states the following in his "transcript":

> **Illegal Stem Cell Research / Eugenics – (Henrietta Lacks); Brain Tapping; Amygdala Hijacking Research.**
>
> **Buzzwords / Phrases / Entities: Race Hustling, Vulnerable Populations, Multiracial, Gay**, Law School (LSAC), Brain Tapping, Interference, White Noise, Ancestry DNA, GED match, Hippocampus, Pacifist, Standardizing, Biological Warfare, Feature Fishing, Population Genetics, Chemical Warfare, **Henrietta Lacks**, Stem Cell Research, Hippocampus, Neuroscientist, Homer Plessy, Race, Pushed Through, Eugenics, **Blue Eyes**, Bisexual, Actualize, Leaving a body mark, No New Mixed People, Intellectualize, Qwell, Disgusting, **Domestic Terrorism**, In This New World, Latin, Nigger, Faggot, Language Quirks, Suck My Dick, Eat My Pussy, International "Stock", Hijacking, Amygdala Hijacking, New Wave Eugenics, Assume the Risk, No Cigar, "Stock

2

>Dropping", Pseudo-science, Dominican, Creole, Plessy v. Fergusson, Mention of illegitimate children, Metis, Herencia, We're the "Heavy Hitters", Neanderthal DNA, Stabilizing genetics, Pseudoscience, HIV, STI(D), Compromised Personal Information – Credit Cards, Account Numbers etc, Compromised Health Information – HIPAA Violations.

(*Id.*) (emphasis in original)

Plaintiff also alleges in his complaint that:

>**[i]ntellectual [p]roperty** was stolen for artist development: (**CUNY – John Jay written materials**, LaGuardia written materials, Business ideas, Language Quirks, **discussions about my ethnicities [Creole American – Direct Descendant of New Orleans]**, Content Creation, Heights in Paris (LLC), **Glotsip**, Tumblr (Civitas), Black Swirl, American Swirl, Black Blonde, American by birthright and lineage, Enclave Armies, **Er Bak**, Food Desserts, Multi-Racial.

(*Id.* at 6) (emphasis in original).

In addition to what has been mentioned above, Plaintiff asserts that his passport has been stolen and replaced, and that his keys have been stolen. He then lists many physical ailments and conditions he allegedly suffers from. He does not, however, describe how any of the named defendants have injured him.

## DISCUSSION

To the extent that the Court can understand Plaintiff's complaint, it is merely a list of negative events and physical ailments and conditions that Plaintiff has allegedly experienced or suffers from, with no indication as to how the named defendants are or were involved. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no factual predicate or legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

3

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court grants Plaintiff's motion for permission for electronic case filing (ECF 6.) Plaintiff has consented to electronic service of court documents. (ECF 2 & 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge