UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC T. BAKER,

                Plaintiff,

      -against-

BARACK HUSSEIN OBAMA, et al.,

                Defendants.

1:22-CV-3125 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated and entered on July 11, 2022, the Court dismissed this *pro se* action *sua sponte* as frivolous. On August 7, 2022, Plaintiff filed a motion seeking default judgment with respect to this action and two of his other actions brought in this court. (ECF 10.) Three days later, on August 10, 2022, Plaintiff filed a motion to reopen this action and two of his other actions brought in this court. (ECF 11.) In this order, the Court will only address Plaintiff's motions to the extent that they seek relief in this action.

      Because this action was closed when the Court dismissed it on July 11, 2022, the Court denies Plaintiff's motion for default judgment in this action as improper. The Court construes Plaintiff's motion to reopen as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), as well as a motion for relief from a judgment or order, brought under Rule 60(b) of those same rules ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing

efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). For the reasons discussed below, however, the Court denies that motion as well.

## DISCUSSION

**A.     Rule 59(e) relief**

A motion for Rule 59(e) relief must be brought within 28 days after entry of the judgment being challenged. Fed. R. Civ. P. 59(e). The Clerk of Court entered the order and judgment dismissing this action on July 11, 2022. Thus, Plaintiff had until August 8, 2022, to file a Rule 59(e) motion. Plaintiff did not file his motion to reopen until two days later, on August 10, 2022. The Court therefore denies Plaintiff Rule 59(e) relief as untimely.

**B.     Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion based on reasons (1), (2), or (3) of that rule must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff has made no argument in support of Rule 60(b) relief, let alone, any that demonstrates that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks Rule 60(b)(6) relief, such relief is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff Rule 60(b)(6) relief.

## CONCLUSION

The Court denies Plaintiff's motion for default judgment as improper. (ECF 10.) The Court also construes Plaintiff's motion to reopen as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure, as well as a motion for relief from a judgment or order, brought under Rule 60(b) of those same rules, and denies that motion. (ECF 11.)

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why he should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 26, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                              Chief United States District Judge