UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC T. BAKER,

                Plaintiff,

-against-

BARRACK HUSSEIN OBAMA, et al.,

                Defendants.

1:22-CV-3125 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated and entered on July 11, 2022, the Court dismissed this *pro se* action *sua sponte* as frivolous. By order dated August 26, 2022, and entered on August 30, 2022 (ECF 12), the Court denied Plaintiff's motion for default judgment (ECF 10) as improper. In that same order, the Court construed Plaintiff's motion to reopen (ECF 11) as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure, as well as a motion for relief from a judgment or order, brought under Rule 60(b) of those same rules, and denied that motion. (ECF 12.) The Court made it clear in that order that this action is closed, and that the Clerk of Court would thereafter only accept for filing documents that are directed to the United States Court for Appeals for the Second Circuit. (*Id.* at 3.) The Court further warned Plaintiff that if he filed "other documents [in this action] that are frivolous or meritless, the Court [would] direct him to show cause why he should not be barred from filing further documents in this action." (*Id.*)

      Despite the Court's warning, on August 31, 2022, Plaintiff filed an "affidavit" in which he asks why his request for default judgment was denied, and requests that the undersigned recuse herself from this action. (ECF 13.) On September 15, 2022, Plaintiff filed a letter in which

he states that he "submit[s] this supplemental as an amendment to the initial federal question [sic]."[1] (ECF 14, at 1.)

Because, in filing these submissions in this action, Plaintiff has failed to heed the Court's warning, the Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar Plaintiff from filing any future submission in this action, with the exception of a notice of appeal. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

## CONCLUSION

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why the Court should not bar Plaintiff from filing any future submission in this action, with the exception of a notice of appeal. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why such a

---

[1] In his letter, Plaintiff states that:

as a natural-bo[rn] white person, in addition to being stalked, threatened and coerced, [he] was stripped of lineal descended facial characteristics, such as eye color, hair color, brow ridge, hooded eye, lips, hair texture, face shape, eye shape and body composition, among other things for a period of 1 ¾ years. [He] has been berated by unpleasant smells, burning sensations, coupled with a suppression of bodily sensations. . . . Furthermore, the 'Right to Financial Privacy Act (of 1978)' has been violated through [his] affiliation with J.P. Morgan. [His] financial institution has purged records in an attempt to prevent thieves from accessing personal data, which includes both biographical and asset information. [Plaintiff] ask[s] that this exhibit be included and pretrial scheduled and treated with the upmost urgency. Photos, videos and bank statements are available upon request.

(ECF 14, at 1.)

filing injunction should not be imposed, the Court will bar Plaintiff from filing any future submission in this action, with the exception of a notice of appeal. *See* 28 U.S.C. § 1651.

A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 11, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge